IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ENVOY MORTGAGE, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-20-00039-PRW |
| ) | |
| MARK CONNOLLY; SPOUSE OF MARK ) | |
| CONNOLLY, if married; and JOHN DOE ) | |
| OCCUPANT, if any, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff, Envoy Mortgage, Ltd. (hereinafter "Envoy"), has filed a Motion for Summary Judgment (Dkt. 12) pursuant to Rule 56(a) of the Federal Rules of Civil Procedure. Defendant Mark Connolly filed a Response (Dkt. 14) on August 14, 2020. Upon review of the Parties' filings, the Court **DENIES** Plaintiff's Motion for Summary Judgment (Dkt. 12) for the reasons set forth below.

*Factual Background*

On May 21, 2018, Connolly borrowed $282,783.00 with an interest rate of 5.62500% per year to finance the purchase of a home in Canadian County.[1] He executed and delivered a promissory note payable to Envoy for that property. That note, in turn, was

---

[1] Joint Status Report and Discovery Plan (Dkt. 6) at 2.

1

secured by a duly recorded mortgage on the home, located at 10800 SW 33rd Street, Yukon, Oklahoma 73099.[2] The monthly payment was $2,059.32.[3]

Shortly after closing, on August 1, 2018, Connolly received a letter notifying him that the mortgage was transferred from Envoy to CBC Mortgage Agency.[4] Then, on January 19, 2019, the mortgage was transferred back to Envoy in care of LoanCare, LLC (hereinafter "LoanCare").[5] On February 13, 2019, LoanCare sent a notice of default to Connolly.[6] Afterwards, Envoy or LoanCare entered the property, without the assistance of Connolly or Connolly's realtor, and changed the locks, barring Connolly from the property.[7] Envoy subsequently added fees to Connolly's account for property preservation activities.[8]

This foreclosure action followed. Envoy alleges that Defendant failed to make a single payment on the loan and that "[t]his failure resulted in a breach of the terms of the

---

[2] *Id.*

[3] *See* Def. Mark Connolly's Resp. in Opp'n to Pl.'s Mot. for Summ. J. and Br. in Supp. (Dkt. 14, Ex. 1) at 4−11.

[4] Joint Status Report and Discovery Plan (Dkt. 6) at 2; Def. Mark Connolly's Resp. in Opp'n to Pl.'s Mot. for Summ. J. and Br. in Supp. (Dkt. 14, Ex. 1) at 1.

[5] Joint Status Report and Discovery Plan (Dkt. 6) at 2.

[6] *Id.*; Pl.'s Mot. for Summ. J. and Br. in Supp. (Dkt. 12, Ex. 1) at 32−34.

[7] Def. Mark Connolly's Resp. in Opp'n to Pl.'s Mot. for Summ. J. and Br. in Supp. (Dkt. 14, Ex. 1) at 2.

[8] Def. Mark Connolly's Resp. in Opp'n to Pl.'s Mot. for Summ. J. and Br. in Supp. (Dkt. 14) at 7.

Note and Mortgage and entitled Envoy to invoke the remedies available under the terms of the loan."[9] Accordingly, Envoy claims to be authorized to "accelerate[] the sums secured by the mortgage, to file a foreclosure action[,] and to engage[] in property preservation activities as outlined in the terms."[10] Connolly claims he has tendered payments and, as such, Envoy's property preservation-related conduct following the alleged default was improper under various state and federal laws.[11] Envoy now moves for summary judgment on its foreclosure claim and all of Connolly's counterclaims.

## *Legal Standard*

Federal Rule of Civil Procedure 56(a) requires "[t]he court [to] grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In deciding whether summary judgment is proper, the court does not weigh the evidence and determine the truth of the matter asserted, but determines only whether there is a genuine dispute for trial before the fact-finder.[12] The movant bears the initial burden of demonstrating the absence of a genuine, material dispute and an entitlement to judgment.[13] A fact is "material" if, under

---

[9] Pl.'s Mot. for Summ. J. and Br. in Supp. (Dkt. 12) at 3.

[10] *Id.*

[11] *See* Def. Mark Connolly's Resp. in Opp'n to Pl.'s Mot. for Summ. J. and Br. in Supp. (Dkt. 14) at 3, 5, 7−8; Def. Mark Connolly's Answer (Dkt. 1, Ex. 3) at 4−6.

[12] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1251 (10th Cir. 2015).

[13] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

the substantive law, it is essential to the proper disposition of the claim.[14] A dispute is "genuine" if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way.[15]

If the movant carries the initial burden, the nonmovant must then assert that a material fact is genuinely disputed and must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[,]" by "showing that the materials cited [in the movant's motion] do not establish the absence . . . of a genuine dispute"; or by "showing . . . that an adverse party [i.e., the movant] cannot produce admissible evidence to support the fact."[16] The nonmovant does not meet its burden by "simply show[ing] there is some metaphysical doubt as to the material facts,"[17] or by theorizing a "plausible scenario" in support of its claims.[18] "Rather, 'the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury

---

[14] *Anderson*, 477 U.S. at 248; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[15] *Anderson*, 477 U.S. at 248; *Adler*, 144 F.3d at 670.

[16] Fed. R. Civ. P. 56(c)(1); *see also Celotex Corp.*, 477 U.S. at 322; *Beard v. Banks*, 548 U.S. 521, 529 (2006).

[17] *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (alteration in original) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Ulissey v. Shvartsman*, 61 F.3d 805, 808 (10th Cir. 1995)).

[18] *Scott v. Harris*, 550 U.S. 372, 380 (2007).

or whether it is so one-sided that one party must prevail as a matter of law.'"[19] If there is a genuine dispute as to some material fact, the district court must consider the evidence and all reasonable inferences from the evidence in the light most favorable to the nonmoving party.[20]

### *Discussion*

Envoy claims to have pleaded and provided enough evidence to establish the necessary prima facie elements to foreclose the mortgage,[21] warranting summary judgement on this claim and Conolly's counterclaims.[22]

The Court disagrees. Foreclosure requires a showing of a valid mortgage and default,[23] but here there is a genuine dispute as to whether there was default in the first place. On the one side, Envoy claims to have no record of payments in accordance with the

---

[19] *Neustrom*, 156 F.3d at 1066 (quoting *Anderson*, 477 U.S. at 251–52; *Bingaman v. Kan. City Power & Light Co.*, 1 F.3d 976, 980 (10th Cir. 1993)).

[20] *Scott*, 550 U.S. at 380; *Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *Sylvia v. Wisler*, 875 F.3d 1307, 1328 (10th Cir. 2017).

[21] Connolly also attempts to challenge standing in its Response opposing Envoy's Motion for Summary Judgment (Dkt. 14). But to show standing, i.e. that you are the "holder" of the note, "you must prove you are in possession of the note and the note is either 'payable to bearer' (blank indorsement) or to an identified person that is the person in possession (special indorsement)." *Bank of Am., N.A. v. Murzello*, 2014 OK CIV APP 52, ¶ 8, 326 P.3d 1146, 1150. In the present case, Envoy attached to its petition a copy of the original endorsed note. Further, the Parties both stipulated that "[t]he name of the current owner of the note is Envoy Mortgage Ltd." *See* Stipulated Facts in Joint Status Report and Discovery Plan (Dkt. 6) at 2. Thus, Plaintiff has standing.

[22] Pl.'s Mot. for Summ. J. and Br. in Supp. (Dkt. 12, Ex. 1) at 3−4.

[23] *Int'l Bank of Com. v. Franklin*, 2019 OK CIV APP 56, ¶ 9, 451 P.3d 207, 210 ("Default in the performance of any act that a mortgage is given to secure is a fundamental condition precedent to bringing an action to foreclose.").

terms of the Parties' agreement.[24] On the other side, Connolly has repeatedly denied default, claiming to have made the first seven payments by check beginning on June 8, 2018 and further alleging to have tendered the next three payments by ACH payment.[25] Attached as exhibits to Connolly's Response opposing Envoy's Motion for Summary Judgment are copies of checks and bank statements purportedly evidencing those payments.[26]

It is not clear whether these payments actually made it to Envoy, but the evidence is sufficient to raise a question of fact as to whether Connolly actually defaulted. Accordingly, the trier of fact must resolve that question.

Connolly also asserts an affirmative defense of payment and advances a litany of counterclaims that Envoy misapplied the alleged payments, engaged in unfair and deceptive trade practices, and trespassed while conducting property preservation activities in violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.*, the federal Truth in Lending Act, 12 CFR § 1026, *et. seq.*, and the Oklahoma Consumer Protection Act,15 O.S. §§ 751, *et seq.*[27] Envoy seeks summary judgment on these claims

---

[24] *See* Pl.'s Mot. for Summ. J. and Br. in Supp. (Dkt. 12, Ex. 1) at 3.

[25] Def. Mark Connolly's Resp. in Opp'n to Pl.'s Mot. for Summ. J. and Br. in Supp. (Dkt. 14, Ex. 1) at 1.

[26] *Id.* at 4−11.

[27] *See* Def. Mark Connolly's Resp. in Opp'n to Pl.'s Mot. for Summ. J. and Br. in Supp. (Dkt. 14) at 3, 5, 7−8; Def. Mark Connolly's Answer (Dkt. 1, Ex. 3) at 4−6.

as well, but because these claims are all contingent on whether Connolly was in fact in default, summary judgment is not appropriate here either.

*Conclusion*

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Summary Judgment (Dkt. 12).

**IT IS SO ORDERED** this 17th day of March 2021.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE